UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00234-FDW

| | |
|---|---|
| TAMMEY THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security,* )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 7) and Defendant's Motion for Summary Judgment (Doc. No. 9). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision denying Plaintiff a period of disability and disability insurance benefits under Title II of the Social Security Act.

After review of the written arguments, administrative record, and applicable authority, and for the reasons explained below, Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Judgment is DENIED, and this matter is remanded to the Commissioner for further proceedings.

**I. Background**

On October 26, 2011, Plaintiff protectively filed a Title II application for a period of disability and disability benefits. (Tr. 19). The alleged period of disability was November 1, 2010,[1] through the date of last insured ("DLI") of December 31, 2010. (Tr. 19). Plaintiff's claim

---

[1] Date reflects amendment of original alleged period of disability beginning October 1, 2006.

1

was initially denied on February 10, 2012, and was again denied on reconsideration on August 9, 2012. (Tr. 19). On September 21, 2012, Plaintiff requested a hearing before an ALJ, which was held on April 30, 2014. (Tr. 19).

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant bears the burden of production and proof during the first four steps of the inquiry. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If she is able to carry this burden through the fourth step, the burden shifts to the Commissioner in the fifth step to show that other work that Plaintiff is capable of performing is available in the national economy. Id.

At step one of the disability analysis, the ALJ found that Plaintiff met insured status requirements and was not engaged in substantial gainful activity since the onset of the disability. (Tr. 21). At step two, the ALJ found that Plaintiff suffered from several severe impairments,

2

including osteoarthritis, factor V, obesity, and interstitial lung disease. (Tr. 21-23). However, the ALJ found Plaintiff's diverticulitis, deep venous thrombosis, and social functioning constituted minimal limitations, and that Plaintiff's impairments did not meet the severity of one of the listed impairments to constitute a disability. (Tr. 21-22). At step three, the ALJ found that these impairments did not meet or equal any Listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step three). (Tr. 23). At step four, the ALJ found that Plaintiff maintained "the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)" but "with some limitations." (Tr. 23). Based on this finding, the ALJ found that Plaintiff could perform past relevant work (step 4). (Tr. 27). Therefore, the ALJ found that Plaintiff was not disabled, and denied her claim. (Tr. 29).

An unfavorable decision was returned on June 20, 2014. (Tr. 16). The Appeals Council denied review on August 19, 2015. (Tr. 1). On October 12, 2015, Plaintiff filed her claim in this Court, pursuant to 42 U.S.C. §405(g), alleging that the Commissioner's decision is not supported by substantial evidence and failed to apply correct legal standards. (Doc. No. 1).

**II. Standard of Review**

Judicial review of a final decision of the Commissioner in Social Security cases is authorized pursuant to 42 U.S.C. § 405(g). Review is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Richard v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted).

District courts do not review a final decision of the Secretary *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. Analysis

On appeal, Plaintiff makes four assignments of error. First, Plaintiff argues that the ALJ erred by not considering Plaintiff's colon perforation, surgeries, non-healing, and continuing diarrhea to be a severe impairment and by not considering the effects of these impairments on her ability to work. Second, Plaintiff argues that the ALJ erred by not including social functioning limitations in the RFC and by not explaining why admitted limitations were not included in the RFC. Third, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility. Finally, Plaintiff contends that the ALJ erred in her assessment of the treating physician's opinion. Because the Court finds that Plaintiff's second assignment of error requires remand, the following analysis does not address the other assignments of error.

To determine whether a person is disabled by non-exertional pain or other symptoms, the ALJ conducts a two-step analysis for evaluating a person's subjective complaints of pain and other symptoms. 20 C.F.R. § 404.1529; Craig v. Chater, 76 F.3d 585, 591–96 (4th Cir. 1996). First, the adjudicator must determine whether there is objective medical evidence showing the existence of

a medical impairment that could be reasonably expected to produce the pain or other alleged symptoms. 20 C.F.R. § 404.1529(b). Second, the adjudicator evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. § 404.1529(c). Applying these steps, the ALJ found that Plaintiff's capacity for work was mildly limited due to a mild mental health condition. (Tr. 23).

The ALJ next determined that Plaintiff has the RFC to perform light work, limited to frequently climbing ramps and stairs, balancing, and stooping; occasionally crouching, crawling, and kneeling; and never climbing ladders, ropes or scaffolds, or working in environments with excessive dust and fumes. (Tr. 23). However, the Court is unable to meaningfully review those conclusions at the current depth of analysis—which the ALJ conducted without the benefit of Mascio's guidance. ALJs must perform an RFC assessment by "first identify[ing] the individual's functional limitations or restrictions and assess[ing] his or her work-related abilities on a function-by-function basis. . . ." SSR 96–8p, 61 Fed.Reg. 34,474, 34,475 (July 2, 1996). The ALJ noted that the evidence in the case included medical opinions regarding the Plaintiff's "physical and *mental* functional capabilities." (Tr. 26) (emphasis added). While the ALJ satisfactorily explained how Plaintiff's physical impairments factored into Plaintiff's RFC, (Tr. 23-27), the ALJ gave no explanation how, if at all, Plaintiff's mild mental limitation factored into the ALJ's RFC analysis or, alternatively, why the limitation was excluded from the RFC formulation.

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F. 3d 632, 636 (2015). The Court does not read Mascio to impose a duty on ALJs to automatically or necessarily account for mild limitations in the RFC. Id. (internal citation

omitted). However, Mascio clearly imposes a duty upon ALJs to explain their work, particularly during the formulation of a claimant's RFC. See id.; see also Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890 at *3 (W.D.N.C. May 13, 2015) (finding that while "mild limitations in the paragraph B criteria do not necessarily translate to a work-related functional limitation, Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations . . . ").

Here, the ALJ neither accounted for Plaintiff's mental limitation, nor explained why no mention is made of Plaintiff's mental limitation in the formulation of Plaintiff's RFC. Because the Court is left to guess how the ALJ arrived at her conclusions, a remand is in order.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 7) is GRANTED and Defendant's Motion for Summary Judgment (Doc. No. 9) is DENIED. This matter is remanded to the Social Security Administration for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Signed: July 1, 2016

Frank D. Whitney
Chief United States District Judge